UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
AND WEFARE FUNDS,

                Plaintiffs,      <u>MEMORANDUM & ORDER</u>
                                   13-CV-1629(JS)(GRB)
        -against-

JOHN J. PAUSLEY, INC. and TERRY
BAILEY CONSTRUCTION INC.,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Charles R. Virginia, Esq.
                  Nathan V. Bishop, Esq.
                  Michael Bauman, Esq.
                  Virginia & Ambinder LLP
                  111 Broadway, Suite 1403
                  New York, NY 10006

For Defendants:    Carla McKain, Esq.
                  McKain Law, PLLC
                  136 E State Street
                  Ithaca, NY 14850

SEYBERT, District Judge:

       Currently pending before the Court is defendants John
J. Pausley, Inc. ("Pausley") and Terry Bailey Construction,
Inc.'s ("Bailey Construction" and, together with Pausley,
"Defendants") motion to dismiss. For the following reasons,
Defendants' motion is DENIED.

BACKGROUND

       Plaintiffs Trustees of Empire State Carpenters Annuity,
Apprenticeship, Labor-Management Cooperation, Pension and Welfare

Funds ("Plaintiffs" or "Trustees") commenced this action on March 26, 2013 pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1132(a)(3) and 1145; Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, against Defendants to confirm and enforce an Arbitrator's Award (the "Award").

Plaintiffs are the Trustees of the Empire State Carpenters Annuity, Apprenticeship, Pension and Welfare Funds and of the Empire State Carpenters Labor Management Cooperation Fund (together, the "Funds"). (Compl. ¶¶ 4-5.) Pausley and Bailey Construction are New York corporations and employers within the meaning of Section 3(5) of ERISA. (Compl. ¶¶ 6-7.)

This action arises from the Award that Plaintiffs allege was rendered pursuant to a collective bargaining agreement ("CBA") between Northeast Regional Council of Carpenters f/k/a the Empire State Regional Council of Carpenters (the "Union") and Pausley. (Compl. ¶ 1.) The CBA requires Pausley to, inter alia, make periodic contributions to the Funds, submit periodic reports to the Funds, and to furnish its books and records when requested by the Funds for an audit. (Compl. ¶ 9.) Plaintiffs conducted an audit of Pausley pursuant to the CBA covering the period of January 2007 through December 2010. (Compl. ¶ 10.) The auditor

determined that Pausley failed to report and make contributions in the principal amount of $86,045.20. (Compl. ¶ 10.) When Pausley failed to remit the contributions uncovered by the audit, a dispute arose, which was then submitted to arbitration pursuant to a clause in the Funds' collection policy (the "Collection Policy"). (Compl. ¶¶ 11-12.)

Ultimately, on January 11, 2013, Arbitrator J.J. Pierson issued a written determination finding that Pausley was in violation of the terms of the CBA and ordering Pausley to pay the Funds $149,235.28, consisting of contributions of $86,045.20, interest of $40,740.84, liquidated damages of $17,209.04, auditing fees of $3,570.20, attorneys' fees of $920.00, and the arbitrator's fee of $750.00. (Compl. ¶¶ 13-14.)

In October 2012, Pausley's owner, Terry Bailey, began operating Bailey Construction. (Compl. ¶ 15.) Plaintiffs allege that Pausley and Bailey Construction are both owned and managed by Mr. Bailey (Compl. ¶ 16); have substantially identical business purposes, operations, office staff, equipment, customers, and/or supervision (Compl. ¶ 17); operate at the same location (Compl. ¶ 18); and share common employees who perform work covered by the CBA (Compl. ¶ 19). According to the Complaint,

> Terry Bailey created Bailey Construction and transferred Pausley's assets, employees, customers, operations and business to Bailey

> Construction in a non-arm's length transaction for the purpose of evading Pausley's obligations to the Funds under the CBA, including Pausley's obligation to pay the Funds the amounts found in the audit covering the period January 2007 through December 2010.

(Compl. ¶ 20.)

Plaintiffs seek to confirm the arbitration award and hold Bailey Construction liable as Pausley's alter ego or successor.

## DISCUSSION

Defendants now move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to 12(b)(6). The Court will first address the applicable legal standards before turning to Defendants' motion more specifically.

## I. Legal Standards

### A. 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d

167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively. See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

B. 12(b)(6)Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the

5

reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

## II. Subject Matter Jurisdiction

Defendants first argue that neither ERISA nor the FAA provide a basis for subject matter jurisdiction. Plaintiff counters that subject matter jurisdiction is appropriate under both ERISA and the LMRA. The Court agrees with Plaintiff that it has jurisdiction pursuant to the LMRA.

Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). If the resolution of a state law claim requires the interpretation of a collective-bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988).

It is well-established, as a general matter, that federal courts have jurisdiction to confirm arbitration awards. See, e.g., Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop. Pension & Welfare Funds v. Miller Floor Covering, Inc., No. 12-CV-5660, 2013 WL 5366962, at

*5 (E.D.N.Y. Sept. 24, 2013) (holding that Section 301 of the LMRA provided subject matter jurisdiction over trustees' suit to confirm an arbitration award); Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Coop., Pension & Welfare Funds v. Town & Country Wood Flooring LLC, No. 13-CV-0040(JS)(WDW), 2013 WL 4807110, at *3 (E.D.N.Y. Sept. 9, 2013) (same); Trs. of the Sheet Metal Workers Int'l Assoc. Local No. 38 Vacation Fund v. Katonah Roofing, Inc., Nos. 10-CV-1619, 11-CV-8185, 2011 WL 9010113, at *7 (S.D.N.Y. Sept. 4, 2011) ("Federal courts have jurisdiction to confirm labor arbitration awards.").

Here, Defendants assert that the Arbitration Award was based upon the CBA, but that the CBA did not provide for arbitration.[1]  (Defs.' Reply Br., Docket Entry 12, at 1-2.) Rather, Plaintiffs claim that the Award was proper due to a clause within the Collection Policy, which is attached to the Trust Agreements rather than the CBA.  (Defs.' Reply Br. at 2.) This raises a potential issue because Pausley was a signatory to,

---

[1] Notably, Pausley participated in the arbitration proceedings without objection.  It is possible for a party to waive its ability to contest the viability of an arbitration award.  See Katanah Roofing, Inc., 2011 WL 9010113, at *7 (noting the general rule that, under New York law, one has ninety days to modify or vacate an award or the affirmative defense will be barred (citations omitted)).  There is an exception, though, where the "defendant is a 'non-signatory' to the relevant agreement purporting to grant the plaintiff the right to arbitrate a dispute."  Trs. of Int'l Union of Operating Engineers Local 30 Benefits Funds v. Nyack Hosp., 975 F. Supp. 2d 365, 375 (S.D.N.Y. 2013).

and indisputably bound by, the CBA. The Trust Agreement and Collection Policy, though, are separate documents from the CBA. See AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (internal quotation marks and citation omitted)). Moreover, while typically there is a presumption of arbitrability in a dispute between an employer and a union arising from a CBA, this presumption does not apply where the dispute is between an employer and trustees. See N.Y. City Dist. Council of Carpenters Pension Fund v. TADCO Const. Corp., No. 07-CV-2712, 2008 WL 540078, at *7 (S.D.N.Y. Feb. 28, 2008) (citing United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960) and Schneider Moving & Storage Co. v. Robbins, 466 U.S. 364, 371-73 (1984)).

In Nyack Hospital, for example, it was undisputed that the defendant was not a signatory to a Trust Agreement or Collection Policy. 975 F. Supp. 2d at 366. There, the trustees brought an action to enforce an arbitration order obtained against the defendant employer. Id. Like the case at hand, the arbitration award invoked the CBA as the source of authority for arbitration. Id. at 367. The Court noted that something was "amiss" in that Trust Agreement and Collection Policy were the

8

true sources of any potential arbitration authority.  Id. at 368-69.  Thus, the Court stated that "Defendant is not a party to either of those documents, and the law in the Second Circuit is that an employer is not bound by non-essential provisions of plan documents not signed by the employer that pays into a fund."  Id. at 369.

It would seem, then, that the logical inquiry would be to consider whether the provisions at issue in this case are essential such that Defendants are bound by them.  However, there is a significant difference between Nyack Hospital and this case.  In Nyack Hospital, it was undisputed that the defendant was not a signatory to the Trust Agreement and the trustees asserted that defendants were bound by the Trust Agreement because it made contributions to a benefit fund pursuant to the CBA.  Id. at 369.  Contributions did not necessarily bind the defendant to the entire Trust Agreement.  Id. at 369-70.  Here, in contrast, the CBA specifically provided that the Trust Agreement was incorporated by reference.  (Defs.' Reply Br. at 2 ("Acceptance of this agreement will automatically bind all participating contractors to the Trust Agreements and Amendments thereto under which the funds are operating and shall be considered a part of this Agreement in the same manner as if fully set forth herein." (citing the CBA)).)  Where that is the case, federal courts have exercised jurisdiction.  See Dodge Hyundai of Paramus v. United

9

Welfare Fund, Welfare Div., No. 11-CV-0979, 2011 WL 4356373, at *3 (E.D.N.Y. Sept. 16, 2011) ("While the court finds that the CBA itself does not confer a right to compel arbitration on the Funds because they are non-parties, the court finds that the terms of the Trust Agreement to which both parties . . . are bound . . . evidences a clear and unambiguous agreement to arbitrate delinquent contribution disputes."); TADCO Const. Corp., 2008 WL 540078, at *1 (exercising jurisdiction where the Trust Agreement "established and governed the Funds and was incorporated by reference into the CBA"); cf. Concourse Vill., Inc. v. Serv. Emps. 23J N. Health Ben. Fund, No. 11-CV-7824, 2012 WL 5462662, at *8 (S.D.N.Y. Nov. 8, 2012) (distinguishing cases where the trust agreement was explicitly incorporated by reference into the CBA).

Defendants raise an additional argument that the Trust Agreement to which Plaintiffs cite as the basis for arbitration is dated March 6, 2012, but that the contributions that were delinquent occurred between January 1, 2007 and December 31, 2010.  (Defs.' Reply Br. 2 & n.3.)  Thus, they dispute Plaintiffs' contention that the Trust Agreement and Collection Policy, which supplied the basis for arbitration, were effective during the relevant time.  Such questions involve an analysis of the CBA in conjunction with the Trust Agreement and Collection Policy.  Where the action involves analysis of the CBA and

governance of an arbitration clause, rather than mere consultation or reference to the CBA, subject matter jurisdiction is proper under the LMRA. See Massa Const. Inc. v. Empire State Carpenters Fringe Benefits Funds, No. 12-CV-6405(JS)(AKT), 2013 WL 4780957, at *4 (E.D.N.Y. Sept. 4, 2013).

Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

## II. Failure to State a Claim

Defendants additionally assert that Plaintiffs have failed to state a claim because: (1) "The Complaint and Documents on which it Relies do not Provide a Sufficient Basis for Confirming the Collection Award against Pausley" (Defs.' Br., Docket Entry 10-1, at 10); and (2) "The Complaint is Facially Insufficient with Regard to Allegations that Defendant Bailey Constructions is the Alter Ego of Pausley" (Defs.' Br. at 13). The Court will address each of these arguments in turn.

### A. As Against Pausley

Defendants' argument regarding the insufficiency of the Complaint as against Pausley primarily reiterates their assertion that the CBA does not provide for arbitration and that the Funds are only third-party beneficiaries of the CBA. In other words, their argument circles back to the general premises asserted previously that arbitration is a matter of contract, therefore requiring agreement to submit to arbitration, and that the

11

presumption of arbitrability normally afforded to disputes
arising out of the CBA does not apply to Funds as third-party
beneficiaries. Defendants go on to maintain that the Collection
Policy effective October 2010 also did not mention arbitration.
(Defs.' Br. at 12.) Thus, they conclude that "[w]here, as here,
Plaintiffs seek to confirm an arbitration award that was rendered
without the parties agreeing to use arbitration in the CBA, the
Complaint should be dismissed under Rule 12(b)(6)." (Defs.' Br.
at 12-13.)

Defendants do not cite any case law for their final
conclusion. Notably, "confirmation of an arbitration award is a
summary proceeding that merely makes what is already a final
arbitration award a judgment of the court, and the court must
grant the award unless the award is vacated, modified, or
corrected." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95,
100 (2d Cir. 2006) (internal quotation marks and citation
omitted). Thus, district courts have limited judicial review.
Katonah Roofing, Inc., 2011 WL 9010113, at *7. "[I]n evaluating
plaintiff's petition to confirm the result of the arbitration,
the Court need only ensure that the arbitrator had some grounds
on which to grant the damages spelled out in the Award." Trs. of
Local Union No. 580 of Int'l Ass'n of Bridge, Structural,
Ornamental & Reinforcing Iron Workers Emp. Benefit Funds v. Gen.
Fence Corp., No. 13-CV-6005, 2014 WL 1800428, at *6 (E.D.N.Y. May

5, 2014) (internal quotation marks and citation omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair, 462 F.3d at 110 (internal quotation marks and citation omitted).

The foregoing principles suggest that the Complaint, or petition, does not need to contain very much in order to confirm an arbitration award. Here, Defendants argue that the CBA and Trust Agreement do not adequately support confirmation. Such arguments, however, appear to be reasons why this Court should not confirm the arbitration award or perhaps even for vacatur; they cannot appropriately be categorized as a failure to state claim under Rule 12(b)(6). While Defendants' assertions may very well have merit, they will be addressed as part of the summary proceedings attendant to actions to confirm an arbitration award and will not be addressed in this context. Accordingly, Defendants' motion in this respect is DENIED.

B. As Against Bailey Construction

Finally, Defendants assert that Plaintiffs have not adequately stated a claim to assert alter ego or successor liability against Bailey Construction. The Court disagrees.

"Under New York law, two elements are required to pierce the corporate veil: (1) the parent must exercise complete domination in respect to the transaction attacked, and (2) such domination must have been used to commit fraud or wrong against

13

the plaintiff, which proximately caused the plaintiff's injury."

Sysco Food Serv. of Metro N.Y., LLC v. Jekyll & Hyde, Inc., No.
08-CV-2958, 2009 WL 4042758, at *2 (S.D.N.Y. Nov. 17, 2009).
"The hallmarks of the alter ego doctrine include 'whether the two
enterprises have substantially identical management, business
purpose, operation, equipment, customers, supervision, and
ownership.'" Truck Drivers Local Union No. 807 v. Reg'l Import &
Export Trucking, Co., 944 F.2d 1037, 1046 (2d Cir. 1991) (quoting
Goodman Piping Products, Inc. v. NLRB, 741 F.2d 10, 11 (2d Cir.
1984) (per curiam)).

Here, Plaintiffs allege that Terry Bailey owns and
manages both Pausley and Baily Construction, that both businesses
operate out of the same location, and that they share employees,
identical business purposes, operations, office staff, equipment,
customers and/or supervision. (Compl. ¶¶ 16-19.) Furthermore,
the Complaint asserts that Mr. Bailey created Bailey Construction
and made relevant transfers in order to evade his obligations
under the CBA. (Compl. ¶ 20.) While Defendants assert that the
allegations are conclusory and lack factual support, the Court
finds that Plaintiffs have alleged enough to overcome a motion to
dismiss. See Trs. of Empire State Carpenters Annuity,
Apprenticeship v. Syracuse Floor Sys., Inc., No. 13-CV-1509, 2013
WL 7390601, at *5 (E.D.N.Y. Dec. 16, 2013) (noting that
allegations, even where lean, were sufficient to state an alter

14

ego claim (citation omitted)); Trs. of the Hollow Metal Trust Fund v. FHA Firedoor Corp., No. 12-CV-7069, 2013 WL 1809673, at *4 (S.D.N.Y. Apr. 30, 2013) (denying motion to dismiss where plaintiffs "summarily pleaded each of" the factors of the alter ego test); Network Enters., Inc. v. APBA Offshore Prods., Inc., No. 01-CV-11765, 2003 WL 124521, at *3 (S.D.N.Y. Jan. 15, 2003) (holding that plaintiff's alter ego allegations "while understandably sparse, are sufficient to survive a motion to dismiss"). Essentially, the Complaint asserts that Bailey Corporation is another iteration of Pausley, designed simply to avoid its obligations. Plaintiffs' allegations, though they track the relevant factors, are not simply legal conclusions. See Trs. of the Mosaic & Terrazzo Welfare Pension, Annuity & Vacation Funds v. Cont'l Floors, Inc., No. 13-CV-1739, 2013 WL 5637492, at *6 (E.D.N.Y. Oct. 15, 2013).

This does not the end of the inquiry, however. As a general matter, "an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil'" given the complex and fact-intensive inquiry involved. Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S.A., 312 F.2d 299, 301 (2d Cir. 1963); see also Productos Mercantiles E Industriales, S.A. v. Faberge, USA, Inc., 23 F.3d 41, 47 (2d Cir. 1994). Thus, courts typically consider alter ego claims only when doing so would not involve extensive fact-finding or

15

considerable delay.[2]  See Productos Mercantiles E Industriales,

S.A., 23 F.3d at 47; Daebo Int'l Shipping Co., Ltd. v. Americas

Bulk Transport (BVI) Ltd., No. 12-CV-4750, 2013 WL 2149591, at *4

(S.D.N.Y. May 17, 2013).

However, courts have also recognized an exception in

the context of labor disputes.  See Gvozenovic v. United Air

Lines, Inc., 933 F.2d 1100, 1105 (2d Cir. 1991).  Thus, where the

arbitration arose out of a collective bargaining relationship,

consideration of an alter ego theory is appropriate.  See Matter

of Arbitration Between Bowen & 39 Broadway Assocs., No. 91-CV-

4673, 1992 WL 73480, at *8 (S.D.N.Y. Apr. 2, 1992) ("While the

issue is raised in the context of a motion to confirm, the Orion

rule against considering such matters is not applicable because

the underlying arbitration arose out of a collective bargaining

relationship.").  Accordingly, courts in contexts similar to the

case at hand have seemed to allow some level of discovery to

determine alter ego.  See, e.g., Trs. of N.Y. City Dist. Council

of Carpenters Pension Fund v. Integrated Structures Corp., No.

11-CV-8975, 2013 WL 5996356, at *5 (S.D.N.Y. Nov. 12, 2013)

(deciding alter ego status in a case involving confirmation of an

arbitration award for unpaid contributions where the record made

---

[2] Here, although Defendants argue that discovery will be
necessary, they raise this argument for the first time in their
reply brief and, in any event, do not explain why this case would
involve a particularly complex factual inquiry or extensive
litigation.

such a determination clear); <u>Int'l Broth. of Teamsters, Local No. 264 v. Nason's Delivery, Inc.</u>, No. 11-CV-0186, 2011 WL 3862322, at *7 (W.D.N.Y. Aug. 31, 2011) (reserving judgment on the plaintiffs' petition to confirm an arbitration award until defendants could conduct discovery on certain issues, including alter ego liability).

As such, Defendants' motion to dismiss Plaintiffs' alter ego claim against Bailey Construction is DENIED and the parties may expeditiously conduct discovery to the extent necessary.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    June <u>16</u>, 2014
          Central Islip, New York