UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          For Online Publication Only
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
AND WEFARE FUNDS,                                                              **ORDER**
                                                                              13-CV-1629 (JMA) (AYS)

                          Plaintiffs,

            -against-

JOHN J. PAUSLEY, INC. and TERRY
BAILEY CONSTRUCTION INC.,

                          Defendants.
-------------------------------------------------------------------X

**AZRACK**, **United States District Judge:**

        In January 2013, plaintiffs obtained an arbitration award against defendant John J.

Pausley, Inc. ("Pausley") in the amount of $149,235.28 for unpaid contributions and related

damages.  In March 2013, plaintiffs filed the instant suit seeking:  (1) to confirm the arbitration

award against Pausley; (2) to hold defendant Terry Bailey Construction, Inc. ("Bailey") liable for

the amount of the award as an alter ego of Pausley; and (3) attorney's fees and costs against both

defendants.  Defendants initially appeared in this action and filed a motion to dismiss, which the

Honorable Joanna Seybert denied in June 2014.  (Mem. & Order, ECF No. 14.)  Subsequently,

counsel for the corporate defendants withdrew, and defendants abandoned their defense of this

suit.  (See ECF No. 32.)  The Court then entered an entry of default against defendants.  (ECF

No. 35.)

        Currently pending before the Court is plaintiffs' unopposed motion for default judgment

against both defendants.

The Court construes plaintiffs' motion for default judgment against Pausley as an unopposed motion for summary judgment to confirm an arbitration award. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109–11 (2d Cir. 2006). In D.H. Blair, the Second Circuit stated:

> A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record. It does not follow, of course, that the non-movant can simply ignore such a motion. If the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it.

Id. at 109–10.

The Court has reviewed the arbitration award, the documents submitted with plaintiffs' motion, and other documents that are part of the record. (See Arbitration Award, Decl. in Supp. of Mot. for Default J. ("Default Decl.") Ex. C, ECF No. 37; Collective Bargaining Agreement, Default Decl. Ex. A; Collections Policy, Mem. in Opp. to Mot. to Dismiss Ex. B, ECF No. 11; Compliance Form, Mem. in Supp. of Mot. to Dismiss Ex. 1, ECF No. 10; Agreement and Working Rules, Mem. in Supp. of Mot. to Dismiss Ex. 1.) Based on the record before the Court, the Court grants plaintiffs summary judgment and confirms the arbitration award.[1] See D.H. Blair & Co., 462 F.3d at 110 ("Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected. The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely

---

[1] The Court notes that defendants advanced various arguments in their motion to dismiss concerning plaintiffs' attempt to confirm the arbitration award. Defendants, however, have not opposed the instant motion and have not reasserted those arguments.

colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." (internal citations and marks omitted)).

Plaintiffs have also sought a default judgment against Bailey. Plaintiffs allege that Bailey is liable for the amount of arbitration award because Bailey is an alter ego of Pausley.

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The Court must then determine whether those allegations establish the defendant's liability as a matter of law. Id.

In denying defendants' motion to dismiss, Judge Seybert held that plaintiffs' complaint stated a viable claim for alter ego liability. (Mem. & Order at 14–15, ECF No. 14.) Judge Seybert also concluded that it was appropriate for the Court to exercise supplemental jurisdiction over the alter ego claim against Bailey, which was brought as part of plaintiffs' action to confirm the arbitration award against Pausley. (Id. at 15–17.) In light of the above, the Court concludes that plaintiffs have established that Bailey is liable, as an alter ego, for the amount of arbitration award.[2]

Based upon a review of the arbitration award and other documentary evidence in the record, I hereby grant plaintiffs a judgment:

(1) confirming the arbitration award against Pausley;

---

[2] "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). Here, the arbitration award establishes the amount of damages that Bailey owes plaintiffs.

(2) awarding plaintiffs $149,235.28 against Pausley and Bailey, an amount for which defendants are jointly and severally liable;

(3) awarding plaintiffs reasonable attorneys' fees and costs in the amount of $16,227.40 against Pausley and Bailey, an amount for which defendants are jointly and severally liable.

The Clerk of Court is directed to mail a copy of this Order and a copy of the final judgment to defendants at the addresses listed on the docket.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: March 31, 2016
     Central Islip, New York                  /s/ (JMA)
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE